IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JORGE CHAVEZ, | : | Civil No. 1:24-CV-00345 |
| Petitioner, | : | |
| v. | : | |
| WARDEN ARVIZA, | : | |
| Respondent. | : | Judge Jennifer P. Wilson |

## **MEMORANDUM**

Pending before the Court is Petitioner Jorge Chavez's petition for a writ of habeas corpus filed pursuant to the provisions of 28 U.S.C. § 2241. (Doc. 1.) For the reasons set forth below, the petition will be dismissed as moot.

## **BACKGROUND**

On February 22, 2024, while incarcerated at the Federal Correctional Institution Allenwood ("FCI-Allenwood") in White Deer, Pennsylvania, Petitioner commenced the above-captioned action by filing a Section 2241 petition. (Doc. 1.) The court received the petition on February 28, 2024. (*Id.*) On March 19, 2024, the court entered an order serving a copy of the petition on Warden Arviza ("Respondent"). (Doc. 5.) Respondent filed a response to the petition on April 23, 2024, suggesting mootness following Petitioner's April 4, 2024 release. (Doc. 9.)

1

In the petition, Petitioner requests that the BOP give him credit for the period he was incarcerated in Peru and awaiting extradition to the United States from October 10, 2022 to December 20, 2022. (Doc. 1.)

Following Respondent's filing suggesting mootness, the court reviewed the BOP inmate locator, which reveals that Petitioner was released from federal custody on April 4, 2024. The BOP inmate locator is available at the following website: https://www.bop.gov/inmateloc/. This website reflects that Petitioner, having a "Register Number" of "44050-004," was "Released On: 04/04/2024." *See id*. Thus, on April 26, 2024, the Court issued an order directing Petitioner to show cause why his petition should not be dismissed as moot. (Doc. 10.) Petitioner has been released from custody and has not updated the court of his address.[1] The court's April 8, 2024 order granting Respondent's motion for an extension of time has also been returned to the court as "unable to forward." (Doc. 11.)

## DISCUSSION

"Article III of the [United States] Constitution limits federal 'judicial Power' to the adjudication of 'Cases' or 'Controversies.'" *Abreu v. Superintendent Smithfield SCI*, 971 F.3d 403, 406 (3d Cir. 2020) (quoting *Toll Bros., Inc. v. Twp.*

---

[1] On February 28, 2024, Petitioner was notified of the affirmative obligation to update the court with any change in address. (Doc. 3.)

*of Readington*, 555 F.3d 131, 137 (3d Cir. 2009) (quoting U.S. Const. art. III, § 2)). In order "[f]or a case or controversy to exist, a petitioner, throughout each stage of the litigation, 'must have suffered, or be threatened with, an actual injury traceable to the [respondent] and likely to be redressed by a favorable judicial decision.'" *See id*. (quoting *DeFoy v. McCullough*, 393 F.3d 439, 442 (3d Cir. 2005)) (quoting *Lewis v. Cont'l Bank Corp*., 494 U.S. 472, 477 (1990)). Consequently, "a habeas corpus petition generally becomes moot when a prisoner is released from custody because the petitioner has received the relief sought." *See id.* (citing *DeFoy*, 393 F.3d at 441).

Nevertheless, a petitioner who has been released from custody "may obtain judicial review of a [habeas] petition by showing that he continues to suffer from secondary or collateral consequences of his conviction," *see id*. (citations omitted), or sentence, *see Burkey v. Marberry*, 556 F.3d 142, 148 (3d Cir. 2009). Generally speaking, "collateral consequences will be presumed when the [petitioner] is attacking his conviction while still serving the sentence imposed for that conviction [and] where the [petitioner] is attacking that portion of his sentence that is still being served." *See id*. (citing *United States v. Jackson*, 523 F.3d 234, 242 (3d Cir. 2008)).

Once a petitioner has been released, however, the court does "not presume that a conviction carries collateral consequences." *See Abreu*, 971 F.3d at 406

(citing *Burkey*, 556 F.3d at 148). Instead, the court "must 'address[ ] the issue of collateral consequences in terms of the likelihood that a favorable decision would redress the injury or wrong.'" *See id*. (quoting *Burkey*, 556 F.3d at 148). For that reason, "[i]t is not enough if 'collateral consequences proffered by the petitioner' amount to 'a possibility rather than a certainty or even a probability.'" *See id*. (quoting *Burkey*, 556 F.3d at 148).

Consistent with these principles, the court finds that, while the instant petition is generally moot, as Petitioner was released from federal custody on April 4, 2024, Petitioner may still obtain judicial review of his federal sentence if he can show that he continues to suffer from secondary or collateral consequences of that sentence. *See id*. Here, the period of time granted for Petitioner to demonstrate that he continues to suffer from secondary or collateral consequences of his federal sentence has passed, and Petitioner has failed to respond. As a result, his petition will be dismissed as moot.

## CONCLUSION

Accordingly, for the reasons set forth above, Petitioner's Section 2241 petition will be dismissed as moot. An appropriate order follows.

s/Jennifer P. Wilson  
JENNIFER P. WILSON  
United States District Judge  
Middle District of Pennsylvania

Dated: July 8, 2024